UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| INTERNATIONAL UNION, SECURITY POLICE AND FIRE PROFESSIONALS OF AMERICA (SPFPA),<br>    Plaintiff,<br>v.<br>STEVE ANGELO MARITAS<br>    Defendant. | Case No.: 13-cv-11734<br><br>Case No. 14-cv-11484<br><br><br>Hon. Nancy G. Edmunds<br>Hon. David R. Grand |

**SPFPA'S MOTION TO REOPEN CLOSED CASES AND FOR SANCTIONS AGAINST MARITAS FOR VIOLATING
ORDER AND SETTLEMENT AGREEMENTS**

Plaintiff International Union, Security, Police and Fire Professionals of America ("SPFPA") respectfully move this Court, under Fed. R. Civ P. 60(b)(6) and the Court's inherent authority, to reopen SPFPA's two previously closed, consolidated lawsuits against Defendant Steve Maritas ("Maritas") because Maritas is in violation of this Court's own Stipulated Order Enforcing Agreement in case no. 13-cv-11734, as well as the parties' settlement agreements which resolved both of those lawsuits. SPFPA requests the Court require Maritas to comply with the Court's 2013 Stipulated Order and the parties' Settlement Agreements, sanction Maritas for his bad faith actions in failing to comply with his obligations under the Order and Settlement Agreements and award SPFPA costs and attorney fees.

Per Local Rule 7.1(a)(2)(A), counsel for SPFPA conferred with opposing counsel and explained the nature of this motion and its legal bases and requested but did not obtain concurrence in the relief sought.

Date: July 9, 2021

Respectfully submitted,

By: /s/ *Scott A. Brooks*
Scott A. Brooks (P35773)

/s/ Matthew J. Clark
Matthew J. Clark (P76690)

GREGORY, MOORE, BROOKS & CLARK, P.C.
Attorneys for Plaintiff
28 W. Adams Avenue, Suite 300
Detroit, MI 48226
Tel: (313) 964-5600
matt@unionlaw.net
scott@unionlaw.net

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| INTERNATIONAL UNION, SECURITY POLICE AND FIRE PROFESSIONALS OF AMERICA (SPFPA), | Case No.: 13-cv-11734 |
| Plaintiff, | Case No. 14-cv-11484 |
| v. | |
| STEVE ANGELO MARITAS | Hon. Nancy G. Edmunds |
| Defendant. | Hon. David R. Grand |

# BRIEF IN SUPPORT OF SPFPA'S MOTION TO REOPEN CLOSED CASES AND FOR SANCTIONS AGAINST MARITAS FOR VIOLATING ORDER AND SETTLEMENT AGREEMENTS

## **Issues Presented**

A court has inherent authority to enforce its own orders and agreements resolving litigation pending before them. The parties to this case stipulated to this Court's previous order enforcing a settlement agreement (as well as separately executing that settlement agreement and two other agreements). Defendant has since violated this Court's order, as well as three related agreements.

## **Controlling Authority**

Fed. R. Civ. P. 60(b)(6)

*Kukla v. Nat'l Distillers Prods., Co.*, 483 F.2d 619, 621 (6th Cir. 1973)

I. **INTRODUCTION**

Plaintiff SPFPA is the oldest, largest, and fastest growing labor union representing security police professionals across the United States and Canada. Defendant Steve Maritas is a disgruntled former SPFPA employee who has, since being terminated by SPFPA, started several failed or struggling unions in an unsuccessful attempt to rival SPFPA. In doing so, Maritas commenced a series of improper acts and misconduct, and the parties have, over the last decade, engaged in several lawsuits against one another. Two of those lawsuits—one filed in 2013 and one in 2014—were brought before this Court before ultimately settling. SPFPA expected that those settlements would resolve the parties' issues, but that was apparently merely wishful thinking.

Evidently suffering a serious case of buyer's remorse, Maritas now proceeds as if he never agreed to the parties' previous settlement agreements and this Court's own Order. Those documents—to which Maritas explicitly assented—place various requirements on both parties, including several on Maritas without any temporal limitation. Among those provisions, Maritas was required to return all SPFPA property, without keeping any copies, and he is precluded from using SPFPA's name or acronym on any website. Unfortunately, despite numerous attempts to convince Maritas to abide by his agreements with SPFPA, Maritas has consistently breached them. He has repeatedly used SPFPA photographs and contact information which he previously claimed he did not possess or had destroyed, plus SPFPA's name and acronym, against SPFPA in an attempt to drive SPFPA local members to his own rival union.

Despite SPFPA's efforts to resolve Maritas's breaches informally, Maritas left SPFPA with no choice other than to seek assistance from this Court in enforcing the

3

parties' previous agreements. Hence, for the reasons set forth below, SPFPA asks this Court to enforce its previous Order (which mirrors the parties' previous settlement agreements), and sanction Maritas for his violations.

## II. FACTS

### A. SPFPA filed two lawsuits against Maritas, which the parties ultimately settled.

SPFPA hired Maritas in 2002 as its organizing director. On or about August 3, 2010, SPFPA and Maritas entered in an agreement ("2010 Agreement"), which, among other terms, provided the following:

> 1. Upon termination of employment for any reason, the employee shall deliver promptly to the International Union all Union books, records, filed and other property of any kind in the Employee's possession or under his/her control.
>
> . . .
>
> 4. Any breach of this Agreement will constitute grounds for … a suit for damages and injunctive relief. Employee further understands and agrees that he/she must reimburse the International Union for all costs and attorney fees sustained by it in the administration or enforcement of this Agreement.

Exhibit A, Affidavit of David L. Hickey, Exhibit 1. (Future references to this Affidavit are styled "Hickey Affidavit.") On or about February 7, 2013, SPFPA terminated Maritas's employment.

Two months later, on April 17, 2013, SPFPA filed suit against Maritas in this Court (Case no. 13-cv-11734), for, *inter alia*, breach of the 2010 Agreement and trademark infringement ("2013 Litigation"). To resolve the 2013 Litigation, this

Court entered the parties' Stipulated Order Enforcing Agreement ("2013 Order"). Hickey Affidavit, Exhibit 2. The Order "enjoins Defendant from violation of the August 3, 3010 Agreement" and states further, "without time limitation" Maritas shall:

> 6. Refrain from using SPFPA's trademarks, including but not limited to Plaintiff's name and acronym ("SPFPA");
>
> 7. Remove all websites under his control containing Plaintiff's name or acronym in the domain name or within the website materials from the internet;
>
> 8. Immediately take all steps necessary to transfer ownership of all domain names or social media accounts within Defendant's control containing Plaintiff's trademarks including its name or acronym to Plaintiff.

Exhibit 2, p. 1-2. The 2013 Order, at Paragraph C, also required Maritas to "promptly deliver to Plaintiff all Union books, records, filed and other property of any kind in Defendant's possession or control to Plaintiff, including all copies, and Defendant shall not retain the original or copies of any such property." Hickey Affidavit, Exhibit 2, p. 3

In furtherance of the 2013 Order, and as referenced in that Order, the parties entered into a settlement agreement ("2013 Agreement") whereby Maritas similarly agreed to the following terms, *inter alia*:

> 1. Maritas shall honor all terms of the August 3, 2010 Agreement, the terms of which are incorporated herein as part of this Settlement Agreement.

> 2. Maritas shall refrain from violating the SPFPA's rights regarding use of its trademarks, including the SPFPA name and acronym;
>
> 3. Maritas shall immediately take all steps necessary to transfer ownership of all domain names or social media accounts within Maritas control containing the SPFPA's trademarks (including name or acronym) to the SPFPA;
>
> . . .
>
> 5. Defendant shall honor all terms of the Court's Stipulated Order Enforcing Agreement [2013 Order];
>
> . . .
>
> 8. The parties agree that if a party must seek enforcement of this Settlement Agreement and/or the Stipulated Order Enforcing Agreement, among any other damages that it may prove, that party if successful shall be entitled to its costs and attorney fees.

Hickey Affidavit, Exhibit 3.

SPFPA again filed suit against Maritas in this Court (Case no. 14-cv-11484), for, *inter alia*, breach of contract, copyright infringement, and fraud ("2014 Litigation"). To resolve the 2014 Litigation, the parties entered into another settlement agreement ("2016 Agreement") whereby Maritas again agreed to honor the terms of the 2010 Agreement and 2013 Agreement:

> 2. Each party shall honor all terms of the August 3, 2010 Agreement (Exhibit 1) that do not have a temporal limitation, including Paragraphs 1 and 2 requiring Maritas to return all SPFPA records and the on-going requirement that Maritas not disclose any confidential information of the SPFPA. In doing so, and by entering into this

6

Agreement, Maritas certifies that he has no possession or access to any SPFPA records or other materials as described in the August 3, 2010 Agreement, Paragraph 1, and that to the extent that he did so before, he has permanently destroyed any such paper and/or permanently deleted any such electronic records including but not limited to e-mails and attachments.

      3.    Defendant shall honor the terms of the June 18, 2013 Settlement Agreement that do not have a temporal limitation, specifically, Paragraph 2 regarding the SPFPA's rights regarding use of its trademarks, including the SPFPA name and acronym and Paragraph 3, requiring Defendant, to the extent he has not already done so, to take all steps necessary to transfer ownership of all domain names or social media accounts within Defendant' control containing the SPFPA's trademarks (including name or acronym) to the SPFPA.

. . .

      5.    The parties agree that if a party must seek enforcement of this Settlement Agreement, among any other damages that it may prove, that party, if successful, shall be entitled to its costs and attorney fees.

Hickey Affidavit, Exhibit 4.

Accordingly, the parties, through four distinct binding documents—the 2010 Agreement, 2013 Order, 2013 Agreement, and 2016 Agreement—agreed and reaffirmed their obligations to one another.

    **B.**    **Maritas has blatantly violated the 2013 Order, and by doing so, has also violated the 2010, 2013, and 2016 Agreements.**

As recently as the 2016 Agreement, Maritas specifically averred that he had "no possession or access to any SPFPA records or other materials" and to the extent he did so before, "he has permanently destroyed any such paper and/or permanently

7

deleted any such electronic record…." Exhibit 4, para. 2. It turns out Maritas was not truthful in either statement.

Maritas is the Executive Director of the Law Enforcement Officers Security Union (LEOSU), a small rival union that has populated its ranks by raiding the SPFPA for members. Exhibit 5, U.S. Department of Labor Form LM-4. Martias and the LEOSU operate several websites, including among others, www.LEOSU.org, www.LEOSPBA.org and www.LEOSUDC.org. Maritas is identified on these websites as the Organizing Director.

## 1. Maritas continues to use SPFPA's name and acronym and retained possession of SPFPA photographs and other images.

Martias and his union the LEOSU and its multiple variations repeatedly have used and continue to use the SPFPA's property and its name/acronym on their websites. This includes photographs and other materials owned by the SPFPA that Maritas in the 2016 Settlement Agreement claimed he did not possess and if he had previously, had destroyed. See materials from LEOSU websites in Hickey Affidavit Exhibits 6, 7, 8, 9 and 10. By engaging in this conduct in violation of the 2013 Order, as well as the 2010, 2013, and 2016 Agreements, Maritas has harmed SPFPA by depriving SPFPA of the benefits of stipulating to/entering into those agreements in the first place.

Earlier this year counsel for SPFPA wrote to counsel for the LEOSU demanding that certain SPFPA images be removed and destroyed. The Maritas founded and controlled LEOSU removed a SPFPA owned photograph from one but

8

not all locations, did not remove other SPFPA owned photographs or images that today remain on the websites, and refused to provide confirmation that the images were destroyed. See the exchange of letters attached as Exhibits 1, 2 and 3 to Exhibit B, Affidavit of Scott A. Brooks. Note that while Exhibit 2, the letter from Maritas counsel Nunley, states that the photo identified in Exhibit 1 would be removed, in fact it was not removed from all Maritas controlled LEOSU websites, see Hickey Affidavit Exhibit 8. Similarly, the violation identified in Brooks Affidavit Exhibit 3 remain on the website; see Hickey Affidavit Exhibit 6.

2. **Maritas retained possession of and continues to use SPFPA member private contact information.**

In addition to continuing to use the SPFPA name and acronym, as well as retaining possession and using SPFPA images, while attempting to raid the SPFPA, Maritas has used private email addresses of SPFPA members that he only would have had access to while he worked for the SPFPA but not since.

For example, earlier this year, on January 23, 2021, Maritas sent out a mass email raising a false alarm regarding one of SPFPA local members' most guarded resources: their retirement funds. Maritas suggested that SPFPA local members "check [their] 401k balances to make sure it is correct…." Hickey Affidavit 11. This email to private email addresses revealed that Maritas has maintained SPFPA property – contact information - that he had agreed to return without keeping any copies or otherwise claimed he destroyed. One of the SPFPA (former) local union officers who received the email even commented on Maritas' reputation for failing to honor his commitments and further to ignore the obligation to speak truthfully,

9

writing "I'm not surprised Marit[a]s still has my email address". Further, he believed that other members of the local union also received the Maritas email. Exhibit 11.

Maritas has no defense for violating this Court's Order or the parties' Agreements. Accordingly, SPFPA asks that this Court reopen SPFPA's previous cases against Maritas, enforce this Court's own Order, and sanction Maritas for his violative conduct which necessitated this Motion.

### III. LEGAL ANALYSIS

#### A. The Court should enforce the 2013 Order, which serves as the basis for the 2013 and 2016 Agreements.

"It is well established that courts retain the inherent power to enforce agreements entered into in settlement of litigation pending before them." *Bamerilease Cap. Corp. v. Nearburg*, 958 F.2d 150, 152 (6th Cir. 1992). This inherent power derives from "the policy favoring the settlement of disputes and the avoidance of costly and time consuming litigation." *Kukla v. Nat'l Distillers Prods., Co.*, 483 F.2d 619, 621 (6th Cir. 1973). "Agreements settling litigation are solemn undertakings, invoking a duty upon the involved lawyers, as officers of the court, to make every reasonable effort to see that the agreed terms are fully and timely carried out." *Aro Corp. v. Allied Witan Co.*, 531 F.2d 1368, 1372 (6th Cir. 1976). As such, courts should uphold settlements whenever equitable and policy considerations allow. *See id*.

Indisputably, this Court entered the 2013 Order—to which both parties stipulated—and equally indisputably, Maritas breached the 2013 Order. The 2013 Order barred Maritas from using SPFPA's name or acronym, but Maritas used it in various ways, including to worry SPFPA local members about their retirement funds and to advertise for his own rival union. The 2013 Order explicitly stated that Maritas

10

was to return all SPFPA property and records to SPFPA, but Maritas kept copies of contact information, photographs and other images. If SPFPA had known that Maritas would violate the 2013 Order, SPFPA never would have stipulated to it itself. *See* Fed. R. Civ. P. 60(b)(6) ("court may relieve a party . . . from a final judgment, order, or proceeding for . . . any other reason that justifies relief").

The 2013 Agreement and 2016 Agreement incorporate the 2013 Order, so Maritas is in breach of both of those Agreements for the same reasons he is in breach of the 2013 Order. (2013 Agreement: "Defendant shall honor all terms of the Court's Stipulated Order Enforcing Agreement [2013 Order]", Hickey Affidavit Exhibit 3, para. 5); (2016 Agreement: "Defendant shall honor the terms of the June 18, 2013 Settlement Agreement that do not have a temporal limitation", Hickey Affidavit Exhibit 4, para. 3 ).

**B. The Court should sanction Maritas for his violative misconduct.**

Courts have inherent authority to impose independent sanctions. *Chambers v. NASCO*, Inc., 501 U.S. 32, 43-50 (1991). Courts should invoke this inherent authority when the party to be sanctioned acted in bad faith or engaged in conduct tantamount to bad faith. *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 517 (6th Cir. 2002); *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 (1980). After such a finding, a court "should not shrink from exercising [its power] when sanctions are justified by the circumstances." *Stalley v. Methodist Healthcare*, 517 F.3d 911, 920 (6th Cir. 2008).

SPFPA is also entitled to its costs and attorney fees for bringing this action to again enforce 2013 Order. See Hickey Affidavit Exhibit 1, para. 4, Exhibit 3, para. 8 and Exhibit 4, para. 5.

Based on the facts and arguments above, there is no doubt that Maritas's refusal to abide by the 2013 Order and the 2010, 2013 and 2016 Agreements constitutes bad faith, and the Court should sanction him accordingly.

## IV.   CONCLUSION

For the reasons set forth above, the Court should grant SPFPA's Motion and grant the relief requested.

Date: July 8, 2021

Respectfully submitted,

By: /s/ *Scott A. Brooks*
Scott A. Brooks (P35773)

/s/ Matthew J. Clark
Matthew J. Clark (P76690)

GREGORY, MOORE, BROOKS & CLARK, P.C.
Attorneys for Plaintiff
28 W. Adams Avenue, Suite 300
Detroit, MI  48226
Tel: (313) 964-5600
matt@unionlaw.net
scott@unionlaw.net

## CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2021 I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record, including counsel for Defendants. A copy was also sent by first class mail to Plaintiff's address of record, to:

>   Steven Angelo Maritas
>   165 Stuyvesant
>   Merrick, NY 11566

>   Respectfully submitted,

>   /s/ Matthew J. Clark
>   Matthew J. Clark (P76690)
>   GREGORY, MOORE, BROOKS &
>   CLARK, P.C.
>   Attorneys for Plaintiff
>   28 W. Adams Avenue, Suite 300
>   Detroit, MI  48226
>   Tel: (313) 964-5600
>   Email: matt@unionlaw.net